IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PATRICIA R. LASATER,

        **Plaintiff,**

vs.                                                           Civ. No. 09-429 WDS

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Doc. 17], Defendant's Response [Doc. 25], Plaintiff's Reply [Doc. 26], the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be granted and that this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### Background

Plaintiff, who was born on July 9, 1951, worked in various positions as a driver for the past fifteen years. Tr. 30, 307. She last worked as a school bus driver. Tr. 30. Plaintiff applied for benefits on March 25, 2005. Tr. 16, 41. She alleged that she became disabled on March 25, 2005. Tr. 45. Plaintiff alleged that she was disabled as a result of back problems, thyroid problems, high blood pressure, depression, and high cholesterol. Tr. 96. Plaintiff's application was denied at the

initial level on November 2, 2005, Tr. 33, and at the reconsideration level on January 30, 2006. Tr. 37. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on March 16, 2006. Tr. 40.

A hearing was held on August 28, 2007 before ALJ Joanne S. Birge, who heard testimony from Plaintiff. Tr. 300-333. The ALJ entered a decision finding Plaintiff not disabled. Tr. 16-23. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 3-6.

Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). On December 23, 2009, Defendant filed an "Opposed Motion to Reverse and Remand for Further Administrative Proceedings" asking this Court to remand the case so that the ALJ can "properly evaluate the effectiveness and side effects of Plaintiff's medication, determine how her medication would impact work-related activities, and issue a *de novo* decision." [Doc. 21]. The Court denied the Motion and ordered briefing on all issues raised by Plaintiff.

## Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988). The "substantial evidence" standard is

satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 18. The ALJ found at step two that Plaintiff had the severe impairments of degenerative disc disease with low back and left leg pain, diabetes mellitus, and obesity. Tr. 18. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 19. At step four, the ALJ concluded that Plaintiff had the RFC to "lift and carry of [sic] 20 pounds occasionally and 10 pounds frequently, stand and walk six hours of an eight-hour work day, and sit six hours of an eight-hour work day, but she is able to climb, balance, stoop, and kneel only occasionally, and she is not able to climb ladders or scaffolds, crouch, or crawl, and she needs to avoid concentrated exposure to extreme cold." Tr. 19. Given the RFC assessment, the ALJ found that Plaintiff could perform her past relevant work as actually performed as a bus driver. Tr. 22. Accordingly, the ALJ found that the claimant was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 22.

Plaintiff alleges the following errors: (1) the ALJ erred in finding that Plaintiff's mental impairment is not severe; (2) the ALJ failed to apply the treating physician rule properly; (3) the ALJ's noncompliance analysis was contrary to law; and (4) the ALJ's conclusion that Ms. Lasater can return to her past work is unsupported by substantial evidence and contrary to law.

## Law Regarding ALJ's Duty to Develop the Record

Because a social security disability hearing is a nonadversarial proceeding, the ALJ bears the responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Services,* 13 F.3d 359, 360-61(10th Cir. 1993). The ALJ's duty to develop the record is especially strong when

the claimant is unrepresented. *Carter v. Chater,* 73 F.3d 1019, 1021 (10th Cir. 1996).[1] The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Social Security Ruling 96-8p.

## Discussion

### 1. The ALJ Failed to Adequately Develop the Record Regarding the Cause of Plaintiff's Drowsiness, Sleepiness, and Fatigue, Possible Treatment Thereof, and the Effects of Plaintiff's Medication,

The ALJ noted in her decision that Plaintiff testified at the hearing that she is unable to drive because of drowsiness that she attributes to her medications and because she sleeps a great deal. Tr. 20. In addressing this issue, the ALJ stated: "In assessing the claimant's testimony, I note that sleeping a great deal and feeling drowsy or fatigued are universal signs of diabetes, and may well be within the claimant's control, should she choose to follow treatment recommendations and bring blood sugars under better control with medication. ... Thus, the symptoms, or absence of symptoms, of which she complains remain largely within her control." *Id.*

Developing an adequate record in order to determine the cause of Plaintiff's drowsiness, sleepiness, and fatigue and to determine whether possible treatment of that cause exists to alleviate these symptoms is critical in determining whether Plaintiff can return to her position as a bus driver of school children. This Court finds that the ALJ failed to adequately develop the record regarding these issues. From a review of the record, this Court finds only Plaintiff's allegations that her medications are causing these issues and the ALJ's supposition that it is Plaintiff's diabetes causing the issues. Regarding Plaintiff's medications, as discussed, *supra*, on December 23, 2009, even the Defendant admitted that the record was not fully developed regarding Plaintiff's medications when

---

[1] In the present case, Plaintiff was represented by Judith Rogers, a non-attorney from Independent Living Resource Center.

it asked this Court to remand the case so that the ALJ can "properly evaluate the effectiveness and side effects of Plaintiff's medication, determine how her medication would impact work-related activities, and issue a *de novo* decision." [Doc. 21]. This Court must remand this case for the ALJ to develop an adequate record on these matters.

## 2.  **The ALJ Failed to Adequately Develop the Record Regarding Whether Plaintiff Could Perform her Past Relevant Work as Actually Performed as a Bus Driver.**

A claimant is not to be considered legally disabled unless she proves, *inter alia*, that she cannot return to her past relevant work. *See* 20 C.F.R. §404.1560(b). "Past relevant work" is defined as the claimant's ability to perform either "(1) the actual functional demands and job duties of a particular past relevant job, or (2) the functional demands and job duties of the occupation as generally required by employers in the national economy. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1050 (10th Cir. 1993); S.S.R. 82-61. The ALJ found that Plaintiff could perform her past job as a bus driver "as actually performed." Tr. 22.

In *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), the Tenth Circuit set forth a three-step framework for analyzing step four.  First, the ALJ must establish the claimant's RFC, which must "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe ...." *Id.* at 1023. 20 C.F.R. §404.1545(e).  Second, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work. *Id.* Finally, the ALJ compares the claimant's RFC with the demands of the previous positions to determine whether the claimant still has the ability to perform any of his past occupations.  *Id.* The ALJ must make specific findings at each phase. *Id.*

This Court finds that the ALJ failed to adequately develop the record concerning the demands of Plaintiff's past relevant work and whether she can meet the demands.  For example, the

ALJ used only Plaintiff's Work History Report, Tr. 90, to determine the physical demands of Plaintiff's past relevant work. Tr. 22.  No questions were asked or testimony given at the hearing regarding the demands of the position. Tr. 300-333. The Work History Report form does not include any questions regarding the use of foot pedals so such use is not included in the ALJ's findings regarding the demands of the position.[2]  This Court takes judicial notice that operation of foot pedals is a demand of a bus driver. On remand, the ALJ is ordered to develop the record more fully concerning the demands of Plaintiff's past relevant work and whether she can meet those demands.[3]

### 4. Remaining Alleged Errors by Plaintiff.

This Court declines to reach the other issues raised on appeal as they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

---

[2]This Court notes that in the hearing, in connection with questions regarding whether the Plaintiff could drive a family car, the ALJ asked the following: "And, and the back pain, does that keep you from working the pedals or something," to which the Plaintiff responded, "Yes, it does." Tr. 304.  As discussed, *supra,* no such question was asked regarding her position as a bus driver, and no finding was included in her decision that working foot pedals was a demand of the job.

[3]For example, in Plaintiff's treating physician's assessment, her doctor stated that Plaintiff could not use her "legs and feet for repetitive movements, as in pushing and pulling of leg or foot controls" because it "will exacerbate [her] back pain. Tr. 108.

## Conclusion

For the foregoing reasons, this Court finds that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision is hereby granted and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**